IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL STANTON,

       Petitioner,

v.                                 CASE NO. 1:10-cv-1-MP-GRJ

FLORIDA DEPT. OF CORRECTIONS,
FLORIDA PAROLE COMMISSION,

       Respondents.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 10, Petitioner's amended *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner challenges his release on conditions pursuant to Florida's Conditional Release Act following the end of the incarcerative portion of his sentence.  Petitioner's conditional release was revoked, and he was returned to state prison.  Respondents Florida Parole Commission ("FPC") and the FDOC Secretary filed answers and relevant portions of the state court record (Docs.16, 20), arguing that the petition is untimely and also due to be denied on the merits.  Petitioner filed replies (Docs. 21, 23).  Upon due consideration of the Petition, the Responses, the Replies, and the state-court record, the undersigned recommends that the Petition be denied.[2]

_____

[1]Even though Petitioner filed his petition pursuant to § 2241, and the petition does not collaterally attack his state court conviction but instead decisions of the FPC and FDOC, his petition is governed by both § 2241 and § 2254. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

[2]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**State-Court Proceedings**

The procedural background of this case is established by the state court records appended to the Responses. On October 30, 1989, Petitioner was sentenced to 27 years imprisonment in Putnam County for Sexual Battery with Weapon or Force. On March 30, 1990, Petitioner was sentenced in Polk County to concurrent three-year sentences for two burglary offenses and one count of Grand Theft. Doc. 16 Exh. A.

Petitioner was released to FPC Conditional Release supervision on April 20, 2004, with supervision running until June 7, 2016. Petitioner signed a Conditional Release certificate on April 19, 2004, acknowledging that he was subject to the terms and conditions of release. The certificate references an interview that took place with Petitioner on that date. *Id*. Exh. B.

Petitioner subsequently committed new offenses in Georgia and was charged with violating his conditions of release. A hearing officer conducted a revocation hearing on May 29, 2007. Based on Petitioner's admission of guilt and the new Georgia convictions, the hearing examiner recommended revocation. The FPD issued a revocation order on July 11, 2007, with an effective date of May 7, 2007. Petitioner returned to the custody of the FDOC, which forfeited all of Petitioner's gain time earned prior to his release on conditional supervision, pursuant to Fla. Stat. § 944.28(1). *Id*. Exh. D and E, J.

Petitioner filed a petition for a writ of habeas corpus in the Second Judicial Circuit Court, Franklin County, on April 28, 2008, contending that the FDOC lacked authority to forfeit his accrued gain time, and that such forfeiture was in contravention of his revocation plea agreement and in violation of due process. The petition was denied

on September 25, 2008. *Id*. Exh. F-J. The state court held that:

> Conditional Release is an extra post-prison probation-type program. In other words, when an inmate is released due to gain time from a sentence that is eligible for Conditional Release, instead of going free as other offenders would do (unless they have probation or some other supervision to follow), these offenders are placed on supervision for the amount of time equal to the gain time they have accrued. If they violate their supervision, gain time is forfeited and the inmate is returned to prison to continue serving the sentence(s). *See* § 947.1405(2), Fla. Stat. (1997).

Exh. J (quoting *Evans v. Singletary* 737 So.2d 505, 507 (Fla. 1999). The court concluded that Petitioner committed his sexual battery offense after passage of the Controlled Release Program Act, and that he maintained only a conditional interest in retaining his gain time until completion of his term of conditional release supervision. "Only when a controlled releasee successfully completes his supervisory period does he have the right to have gain time satisfy his sentence." *Id*. (quoting *Duncan v. Moore*, 754 So. 2d 708, 712 (Fla. 2000)). Such forfeiture includes all types of gain time, including basic and incentive. *Id*. The court concluded that the statute mandates such forfeiture independent of any plea agreement, and that the statute does not provide a right to a separate hearing on the forfeiture of gain time, once conditional release has been revoked. *Id*.

The First DCA denied certiorari on June 26, 2009, and the mandate issued on August 20, 2009. Exh. M. The instant federal petition was filed on January 5, 2010. Doc. 1.

## **Timeliness**

As a threshold matter, it appears that the petition is untimely. Because the petition was filed after April 24, 1996, the case is governed by 28 U.S.C. § 2254, as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).
*Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a new limitations
period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A
1-year period of limitation shall apply to an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court. The limitation period shall
run from the latest of ... the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due diligence." 28
U.S.C. § 2244(d)(1) (A). Additionally, "[t]he time during which a properly filed
application for State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection." 28 U.S.C. § 2244(d)(2). This one year limitation
period applies to 28 U.S.C. § 2241 petitions filed by prisoners challenging their state
confinement. *Medberry v. Crosby*, 351 F.3d 1049, 1054 n.5 (11th Cir. 2003).

In this case, the factual predicate for Petitioner's claim that he was placed on
conditional release and subjected to release conditions in violation of his due process
rights was known when he was released in April 2004, as reflected by the conditional
release certificate that he signed. Doc. 16, Exh. B. Plaintiff never pursued any state
court remedies regarding that claim until his release was revoked in July 2007. The
factual predicate underlying any claims stemming from the forfeiture of gain time
occurred upon the July 11, 2007, revocation of conditional release which triggered the
FDOC's authority to forfeit his gain-time pursuant to Fla. Stat. § 944.28(1). *See, e.g.*,
*Hays v. Cockrell*, 2002 WL 31370467 (N.D. Tex. Oct. 16, 2002) (unpublished) (factual
predicate for claim challenging forfeiture of gain time was date of supervision

revocation).  Petitioner did not seek collateral review of this decision until he commenced FDOC administrative remedies on December 30, 2007.   Doc. 20, Exh. 3.[3] At that point, 172 days of the federal limitations period had elapsed.  The administrative remedy process concluded on January 28, 2008.  *Id*.  Petitioner filed his state habeas corpus petition 88 days later on April 25, 2008.  It remained pending until August 20, 2009, when the First DCA issued its mandate denying review.   With 105 days remaining in the federal limitations period, to be timely Petitioner should have filed his petition by December 3, 2009.  The instant petition was not filed until January 5, 2010.[4]

Even if the Petition was timely, as discussed below it is clear that Petitioner is not entitled to relief on the merits of his claims.

### Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and

---

[3]For purposes of calculating the limitations period, the Court will assume, as the FDOC suggests, that the administrative remedy process is a component of state collateral review of the forfeiture decision for purposes of tolling under 28 U.S.C § 2254. *See* Doc. 20.  The FPC also asserts that the petition is untimely, but does not give Petitioner the benefit of tolling during the administrative remedy process.  Doc. 16.

[4]The FDOC and FPC erroneously contend that the petition was filed on March 25, 2010.  Petitioner filed an amended petition on March 26, 2010, pursuant to the Court's order to amend, but the operative date is the one on which he initiated this habeas corpus case by placing his original habeas petition in the prison mail system on January 5, 2010.  Doc. 1.

convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under

the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)).

## Discussion

Petitioner asserts the following grounds for relief (1) his due process rights were violated upon his conditional release because his accrued gain-time was applied to a term of conditional release supervision without hearing or notice; (2) he was denied due process because conditional release was an "extra custodial element" not imposed by the sentencing court; (3) he was denied due process because his is gain time was "vested" when he was released and could not be made "conditional"; and (4) the controlled release program unconstitutionally creates an "irrebuttable presumption" for offenders convicted of certain qualifying offenses.  Doc. 10.

This court must abide by the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983).  The Florida Supreme Court has held that conditional release is not an increased punishment and on that basis has rejected various constitutional challenges to the Conditional Release Program. *See Mayes v. Moore*, 827 So.2d 967, 971 (Fla. 2002) (holding that conditional

release statute is not violative of ex post facto protections in that it does not increase the maximum sentence but merely requires that certain inmates will complete their sentences outside of prison, still under a degree of supervision, and that conditional release is not an increased punishment program, but rather an assistance program designed to "help these former inmates in bridging the gap between prison and the outside world."); *Duncan v. Moore*, 754 So.2d 708, 710-13 (Fla. 2000) (holding that placing an individual on Conditional Release supervision does not violate any constitutional rights under the Double Jeopardy Clause, Ex Post Facto Clause, Due Process Clause, or the Equal Protection Clause; nor does it subject an individual to cruel and unusual punishment). "Conditional release is merely an aspect of executive clemency completely within the discretion of the state officials; there is no bargain struck with the prisoner and no federal constitutional right associated with conditional release." *Haralson v. Florida Parole Com'n,* Case No. 1:05-cv-112-MP-WCS, 2006 WL 2331029, *1 (N.D. Fla. 2006) (unpublished).

In this case, this court is bound by the state court's determination that under Florida law, Petitioner's 1989 sexual-battery offense – which occurred after passage of the Conditional Release Program Act – made him eligible for conditional release supervision and that upon reaching his tentative release date established by the FDOC, Petitioner was properly released under conditional release supervision. The court is also bound by the state court's determination that the state statute mandates the forfeiture of gain time upon revocation of conditional release. The claims asserted by Petitioner in this case – that his due process rights were violated because his accrued gain time was applied to a term of conditional release supervision, because conditional

release was an "extra custodial element" not imposed by the sentencing court, because his interest in his gain-time was "vested" and not "conditional", and because the controlled release program creates an "irrebuttable presumption" for certain offenders – simply do not assert federal constitutional claims. *See Haralson,* Case No. 1:05-cv-112-MP-WCS, 2006 WL 2331029, *1.[5]

On this record, Petitioner has failed to demonstrate the existence of a cognizable federal right related to his placement on conditional release supervision, and has not shown that the state court's adjudication of his due process claims was contrary to, or an unreasonable application of, federal law.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional

---

[5]The loss of liberty necessitated in revocation proceedings requires that releasees be accorded due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Thus, persons at liberty on parole, or other type of release, have a conditional liberty interest protected by the Fourteenth Amendment of the Constitution entitling them to certain minimum due process requirements during revocation proceedings. *Morrissey*, 408 U.S. at 489. In Florida, revocation hearings are governed by the same due process considerations. *See Gillard v. State*, 827 So.2d 316 (Fla. 1 DCA 2002). Petitioner does not argue that he did not receive all process due in connection with his revocation hearing.

right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct

the parties to submit arguments on whether a certificate should issue." Thus, if there is

an objection to this recommendation by either party, that party may bring this argument

to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 10) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 18th day of January 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**